MYRON HAYES v. JOSEPH E. FUNK *et al.*

No. 15,376. (99 Pac. 1131.)

' SYLLABUS BY THE COURT.

AGENCY—*Husband and Wife—Evidence.* In this case it is held that there was no competent evidence showing that the wife was the agent of her husband, and it was therefore error to admit in evidence against him her declarations and admissions made in his absence.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed February 6, 1909. Reversed.

*Albert Hoskinson,* and *R. W. Hoskinson,* for plaintiff in error.

*J. C. Horn,* and *O. H. Foster,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiffs sued to recover damages for a forcible eviction, claiming to have been in the lawful possession of a farm under a verbal lease from the defendant. They recovered judgment for $225, and the defendant brings this proceeding in error.

The contention is that there was no evidence of a lease. If there be any evidence that the farm was leased to the plaintiffs the judgment must be affirmed. At the trial one of the plaintiffs, who claimed to have made the lease, testified that the defendant drove with him to the farm some time in January and showed him the place; that they talked of the terms of the lease and how the place should be farmed, but that they returned to town and separated without having come to any agreement. He further testified that afterward he called at defendant's house in town and found defendant absent; that he talked with defendant's wife and told her on what terms he would take the place and asked her to inform her husband; that some days after-

ward he returned and the husband was again absent, but the wife said to go ahead—that she had talked with her husband and he had agreed to let plaintiffs have the farm.   He testified that he had not made a lease with the defendant directly, but relied upon the statements made to him by defendant's wife.

The evidence of what the wife said in defendant's absence was admitted over objections.   We shall not take space or time to cite authorities in support of the proposition that the fact of agency can not be proved by the mere declarations of the agent.

Two facts were proved which it is insisted establish the agency of the wife.   The plaintiff who claimed to have made the lease testified that in one of the preliminary conversations with the defendant on the street the defendant said to him: "My wife and I have concluded that we would give one-third of the wheat to whoever farms the place."   As against the husband this might be evidence tending to show that the wife had some interest in the farm or in the lease.   The statements of the wife, however, were not offered or admitted on the theory that she was one of the owners of the farm or interested in the lease, but solely on the theory that she was the agent of the defendant, with authority to make declarations and admissions which bound him.   She was not a party to the action for damages.   There was some evidence also tending to show that at a time subsequent to the alleged statements of the wife concerning the lease she acted as her husband's agent in fixing the terms upon which the farm was sold to some one else, but we do not see how this tended to show that she was his agent at the time of the conversations with the plaintiff or the extent of her authority.   Neither of the facts relied upon showed that the wife was the agent of the defendant with respect of leasing the land or that she had any authority to make statements or declarations which would bind him.   Therefore the evidence of what the wife

27—79 KAN.

said should have been excluded, and there was no competent evidence tending to show the making of a lease to the plaintiffs.

The judgment is reversed, and the cause remanded for a new trial.